UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*************************************

J. BONAFEDE CO., INC.,

    Plaintiffs

vs.

BRADLEY R. BELL,
Individually and doing business as
B.R. BELL BROKERAGE CO. and
BELL PRODUCE CO.,

    Defendants

*************************************

CIVIL ACTION NO. 05 10527 JLT

AMOUNT $ _____
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY CLK ____
DATE 3/21/05

## COMPLAINT

### Jurisdiction and Venue

1. Jurisdiction is based upon 7 U.S.C. § 499e(c)(5), *i.e.*, the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, [hereinafter "PACA"], and 28 U.S.C. § 1331.

2. Venue in this District is based upon 28 U.S.C. § 1391 in that the Plaintiff and Defendant have their principal place of business or residence in this District.

### Parties

3. Plaintiff J. Bonafede Co., Inc. [hereinafter "Bonafede"] is a Massachusetts corporation, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA. Bonafede was at all permit times and is now licensed under PACA, License No. 19880472.

Page 1 of 5

4. Defendant Bradley R. Bell [hereinafter "Bell"] is a resident of Berkeley, Bristol County, Massachusetts, has or had an usual place of business in Everett, Massachusetts, and is engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA under the names of B.R. Bell Brokerage Co. and Bell Produce Co.. Bell was at all times pertinent and is now licensed as a dealer under PACA, License No. 19810412.

## COUNT I
### Goods Sold And Delivered

5. The allegations in paragraphs 1 through 4 are incorporated as if fully set forth herein.

6. Bell owes Bonafede the sum of $23,124.00 for Produce sold and delivered as more fully set forth on the account annexed hereto as Exhibit A.

7. Despite demand, Bell has failed and neglected to pay Bonafede the sums due.

WHEREFORE, Bonafede demands judgment against Bell for the sum of $23,124.00 plus interest at the rate of 12% per annum from the due date of each invoice, and costs.

## COUNT II
### Contract

8. The allegations in paragraphs 1 through 7 are incorporated as if fully set forth herein.

9. On diverse dates, Bell contracted with Bonafede to purchase certain items of Produce at wholesale.

10. Bonafede performed its obligations and delivered the agreed upon Produce.

11. Payment for all items purchased from Bonafede by Bell was due within 10 days of the date of purchase.

12. Bell has failed, neglected and refused to make payment of the agreed upon price.

13. Bell owes Bonafede the sum of $23,124.00, plus interest at the rate of 12% per annum from the due date of each invoice, and costs.

WHEREFORE, Bonafede demands judgment against Bell for the sum of $23,124.00, plus interest at the rate of 12% per annum from the due date of each invoice and costs.

## COUNT III
## PACA Trust Enforcement and
## Dissipation of PACA Trust Assets By Responsible Individuals

14. The allegations in paragraphs 1 through 13 are incorporated as if fully set forth herein.

15. During the years 2003 and 2004, Plaintiff sold Produce to Bell in interstate commerce.

16. Plaintiff duly delivered said Produce which was accepted by Bell in Chelsea, Massachusetts.

17. At the time of the delivery of the Produce to Bell, Plaintiff became a beneficiary of a floating, non-segregated statutory trust arising under 7 U.S.C. §499e(c) (the "PACA Trust").

18. Plaintiff duly preserved it status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

19. Bell is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiffs at the time payment is due.

20. Until Plaintiff is paid in full, the PACA Trust Assets consist of:

   a. All of Bell's Produce;

   b. All of Bell inventory of food and other products derived from Produce;

   c. All of Bell receivables and proceeds from the sale of Produce, food and other products derived from Produce; and

   d. Any and all assets into which PACA Trust Assets have been transformed,

commingled or dissipated.

21. Payment for the Produce is overdue and has not been made by Bell despite demand by the Plaintiff.

22. Bell has dissipated the PACA Trust assets and has failed to make full payment promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the Department of Agriculture regulations promulgated thereunder, 7 C.F.R. §46.1 *et seq.*

23. Bell is a "responsibly connected" person under PACA, as defined in 7 U.S.C. § 499a(9)(B).

24. Bell failed to fulfill his statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiffs for the Produce.

25. The failure of Bell to maintain the PACA Trust Assets and pay Plaintiffs for the Produce was an unfair act and unlawful dissipation of PACA Trust assets.

26. As a result of the acts, neglect and failures of Bell, the Plaintiff has not been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against Bell for the sum of $23,124.00, such interest as is determined to be due to each of the Plaintiffs, returned check fees and costs.

### COUNT IV
### (Mass. G.L. c. 93A §§ 2, 11)

27. The allegations in paragraphs 1 through 26 are incorporated as if fully set forth herein.

28. Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

29. Bell is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

30. Bell purchased and obtained goods from the Plaintiff with knowledge or reason to know that he would be unable to make timely payment therefor.

31. Bell caused and permitted the dissipation of the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiffs.

32. The foregoing acts and practices constitute unfair or deceptive acts and practices.

33. The unfair and deceptive acts and practices were committed willfully and/or with knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

34. As a result of the unfair and deceptive acts and practices of the said Defendant Bonafede has suffered and continue to suffer great loss and damage.

WHEREFORE, Plaintiff demands judgment against Bell as follows:

1. Single damages in the amount of its loss and damage;

2. Multiple damages of at least twice and up to three times the single damage award;

3. Interest at the greater of the contract rate or the statutory rate from the due date of each invoice;

4. Reasonable attorney fees and costs;

5. Such other and further relief as this court deems just and mete.

J. BONAFEDE CO., INC.
By Its Attorneys
OSBORNE & VISCONTI

Andrew M. Osborne BBO#380455
20 Eastbrook Road
Dedham, MA 02026
781-326-9766

Page 1 7 4

BRAD

09/21/04

BRAD BELL
34 MARKET ST.   ROOM 30      617/387-0442
EVERETT, MA 02149

09/21/04                                                              BRAD

| Date | Invoice # | Type | Amount | | Amount | Invoice # | Amount |
|---|---|---|---|---|---|---|---|
| 11/04/03 | 062903 | INVOICE | 44.00 | | 44.00 | 062903 | 44.00 |
| 11/04/03 | 062904 | INVOICE | 770.00 | | 770.00 | 062904 | 770.00 |
| 11/05/03 | 063105 | INVOICE | 80.00 | | 80.00 | 063105 | 80.00 |
| 11/05/03 | 063143 | INVOICE | 80.00 | | 80.00 | 063143 | 80.00 |
| 11/06/03 | 063361 | INVOICE | 192.00 | | 192.00 | 063361 | 192.00 |
| 11/11/03 | 063691 | INVOICE | 80.00 | | 80.00 | 063691 | 80.00 |
| 11/18/03 | 064553 | INVOICE | 35.00 | | 35.00 | 064553 | 35.00 |
| 11/18/03 | 064554 | INVOICE | 160.00 | | 160.00 | 064554 | 160.00 |
| 11/18/03 | 064613 | INVOICE | 1400.00 | | 1400.00 | 064613 | 1400.00 |
| 11/18/03 | 064614 | INVOICE | 100.00 | | 100.00 | 064614 | 100.00 |
| 11/21/03 | 065063 | INVOICE | 160.00 | | 160.00 | 065063 | 160.00 |
| 11/21/03 | 065129 | INVOICE | 1540.00 | | 1540.00 | 065129 | 1540.00 |
| 12/02/03 | 066216 | INVOICE | 20.00 | | 20.00 | 066216 | 20.00 |
| 12/09/03 | 067001 | INVOICE | 37.50 | | 37.50 | 067001 | 37.50 |
| 12/09/03 | 067002 | INVOICE | 665.00 | | 665.00 | 067002 | 665.00 |
| 12/09/03 | 067032 | INVOICE | 60.00 | | 60.00 | 067032 | 60.00 |
| 12/12/03 | 067172 | INVOICE | 160.00 | | 160.00 | 067172 | 160.00 |
| 12/16/03 | 067646 | INVOICE | 57.00 | | 57.00 | 067646 | 57.00 |
| 12/17/03 | 067915 | INVOICE | 1110.00 | | 1110.00 | 067915 | 1110.00 |
| 12/19/03 | 068236 | INVOICE | 665.00 | | 665.00 | 068236 | 665.00 |
| 12/23/03 | 068574 | INVOICE | 142.50 | | 142.50 | 068574 | 142.50 |
| 12/30/03 | 069820 | INVOICE | 57.00 | | 57.00 | 069820 | 57.00 |
| 01/06/04 | 070230 | INVOICE | 134.00 | | 134.00 | 070230 | 134.00 |
| 01/06/04 | 070231 | INVOICE | 180.00 | | 180.00 | 070231 | 180.00 |
| 01/13/04 | 070963 | INVOICE | 77.50 | | 77.50 | 070963 | 77.50 |
| 01/13/04 | 071057 | INVOICE | 28.00 | | 28.00 | 071057 | 28.00 |
| 01/16/04 | 071274 | INVOICE | 1120.00 | | 1120.00 | 071274 | 1120.00 |
| 01/20/04 | 071856 | INVOICE | 147.00 | | 147.00 | 071856 | 147.00 |
| 01/23/04 | 072188 | INVOICE | 1050.00 | | 1050.00 | 072188 | 1050.00 |
| 01/27/04 | 072446 | INVOICE | 78.00 | | 78.00 | 072446 | 78.00 |
| 01/28/04 | 072642 | INVOICE | 980.00 | | 980.00 | 072642 | 980.00 |
| 02/03/04 | 073403 | INVOICE | 90.00 | | 90.00 | 073403 | 90.00 |

***** Statement Continued on Next Page *****

Page 2 of 4

BRAD

09/21/04

BRAD BELL
34 MARKET ST.   ROOM 30
EVERETT, MA 02149

617/387-0442

09/21/04

BRAD

| Date | Invoice # | Type | Amount | | | Invoice # | Amount |
|---|---|---|---|---|---|---|---|
| 02/10/04 | 076232 | INVOICE | 85.00 | | 85.00 | 076232 | 85.00 |
| 02/13/04 | 077214 | INVOICE | 845.00 | | 845.00 | 077214 | 845.00 |
| 02/17/04 | 076554 | INVOICE | 120.00 | | 120.00 | 076554 | 120.00 |
| 02/19/04 | 076148 | INVOICE | 1200.00 | | 1200.00 | 076148 | 1200.00 |
| 03/02/04 | 075071 | INVOICE | 96.00 | | 96.00 | 075071 | 96.00 |
| 03/02/04 | 075072 | INVOICE | 975.00 | | 975.00 | 075072 | 975.00 |
| 03/02/04 | 075284 | INVOICE | 70.00 | | 70.00 | 075284 | 70.00 |
| 03/02/04 | 075285 | INVOICE | 45.00 | | 45.00 | 075285 | 45.00 |
| 03/03/04 | 075358 | INVOICE | 1125.00 | | 1125.00 | 075358 | 1125.00 |
| 03/09/04 | 078029 | INVOICE | 2437.50 | | 2437.50 | 078029 | 2437.50 |
| 03/09/04 | 078030 | INVOICE | 20.00 | | 20.00 | 078030 | 20.00 |
| 03/12/04 | 001542 | INVOICE | | -945.00 | -945.00 | 001542 | -945.00 |
| 03/16/04 | 078928 | INVOICE | 80.00 | | 80.00 | 078928 | 80.00 |
| 03/17/04 | 079133 | INVOICE | 2380.00 | | 2380.00 | 079133 | 2380.00 |
| 03/23/04 | 079879 | INVOICE | 16.00 | | 16.00 | 079879 | 16.00 |
| 03/23/04 | 079916 | INVOICE | 85.00 | | 85.00 | 079916 | 85.00 |
| 03/23/04 | 079917 | INVOICE | 2550.00 | | 2550.00 | 079917 | 2550.00 |
| 03/30/04 | 080786 | INVOICE | 48.00 | | 48.00 | 080786 | 48.00 |
| 03/30/04 | 080787 | INVOICE | 2550.00 | | 2550.00 | 080787 | 2550.00 |
| 03/30/04 | 080856 | INVOICE | 5396.00 | | 5396.00 | 080856 | 5396.00 |
| 04/05/04 | 081513 | INVOICE | 2625.00 | | 2625.00 | 081513 | 2625.00 |
| 04/06/04 | 081672 | INVOICE | 340.00 | | 340.00 | 081672 | 340.00 |
| 04/08/04 | 082126 | INVOICE | 1350.00 | | 1350.00 | 082126 | 1350.00 |
| 04/09/04 | 001571 | INVOICE | | -5396.00 | -5396.00 | 001571 | -5396.00 |
| 04/20/04 | 083774 | INVOICE | 158.50 | | 158.50 | 083774 | 158.50 |
| 04/20/04 | 083775 | INVOICE | 2392.50 | | 2392.50 | 083775 | 2392.50 |
| 04/27/04 | 084908 | INVOICE | 174.50 | | 174.50 | 084908 | 174.50 |
| 05/04/04 | 086013 | INVOICE | 82.50 | | 82.50 | 086013 | 82.50 |
| 05/04/04 | 086019 | INVOICE | 1312.50 | | 1312.50 | 086019 | 1312.50 |
| 05/11/04 | 087206 | INVOICE | 28.00 | | 28.00 | 087206 | 28.00 |
| 05/19/04 | 087843 | INVOICE | 112.00 | | 112.00 | 087843 | 112.00 |

***** Statement Continued on Next Page *****

Page 3 ~~7~~ 4

BRAD

09/21/04

BRAD BELL
34 MARKET ST.   ROOM 30
EVERETT, MA 02149

617/387-0442

09/21/04

BRAD

| Date | Invoice # | Type | Amount | | Amount | Invoice # | Amount |
|---|---|---|---|---|---|---|---|
| 06/01/04 | 090368 | INVOICE | 40.00 | | 40.00 | 090368 | 40.00 |
| 06/08/04 | 096540 | INVOICE | 12.00 | | 12.00 | 096540 | 12.00 |
| 06/15/04 | 090848 | INVOICE | 22.50 | | 22.50 | 090848 | 22.50 |
| 06/22/04 | 092067 | INVOICE | 28.00 | | 28.00 | 092067 | 28.00 |
| 06/29/04 | 092681 | INVOICE | 198.50 | | 198.50 | 092681 | 198.50 |
| 08/10/04 | 101208 | INVOICE | 80.00 | | 80.00 | 101208 | 80.00 |
| 08/24/04 | 103429 | INVOICE | 30.00 | | 30.00 | 103429 | 30.00 |

| 110.00 | 0.00 | 0.00 | 0.00 | 34283.50 | | 34393.50 |
|---|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 11/28/04 | Payment | | − 10,206.50 | |
| 11/29/04 | Payment | | −  1,063.00 | |
| | | Total Payments | | −11,269.50 |
| | | | BALANCE DUE: | 23,124.00 |

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
J. Bonafede Co., Inc.

### DEFENDANTS
Bradley R. Bell, Individually and doing business as B.R. Bell Brokerage Co., and Bell Produce Co.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 781-326-9766
Andrew M. Osborne of Osborne & Visconti
20 Eastbrook Rd., Ste 304, Dedham, MA 02026
BBO 380455

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☑ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

7 U.S.C. section 499a, et seq. Action to collect the balance due for produce and to enforce the liability fo the responsible persons under Perishable Agricultural Commodities Ace.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 23,124.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☑ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE 3-14-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ✓ III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                YES      (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                YES      (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                YES      (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                YES      (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                (YES)     NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)        CENTRAL DIVISION            WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Andrew M. Osborne of OSBORNE & VISCONTI
ADDRESS          20 Eastbrook Rd., Suite 304, Dedham, MA 02026
TELEPHONE NO.    781-326-9766

(Cover sheet local.wpd - 11/27/00)